UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:09-cv-401-KKC

FIFTH THIRD BANK                                                                                               PLAINTIFF

v.                         **OPINION AND ORDER**

ZAYAT STABLES, LLC, PIONEER OF
THE NILE, LTD., and AHMED ZAYAT                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Vacate Order Staying Case filed by Plaintiff Fifth Third Bank ("Fifth Third"). Rec. 53. Defendants Ahmed Zayat ("Ahmed Zayat") and Pioneer of the Nile, Ltd. ("Pioneer of the Nile") have filed a response in opposition and Fifth Third has filed a reply in further support of its motion. Rec. 64, 67. Because this motion has been fully briefed, it is now ripe for a decision. For the reasons stated below, the Court will grant Fifth Third's motion to vacate the order staying this case as to Ahmed Zayat and Pioneer of the Nile.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On December 15, 2009, Fifth Third filed an action against Defendant Zayat Stables, LLC ("Zayat Stables") and its guarantors Ahmed Zayat and Pioneer of the Nile alleging that Zayat Stables and the two guarantor Defendants had defaulted on loans in excess of thirty-four million dollars. Rec. 1, Complaint. On February 3, 2010, Zayat Stables notified the Court that it was filing a Chapter 11 Voluntary Petition in the Bankruptcy Court for the District of New Jersey. Rec. 48. Because an evidentiary hearing had been set in this action for February 8, 2010, the

Court entered an Order on its own motion, staying this action under 11 U.S.C. § 362(a), the automatic stay provision of the Bankruptcy Code.[1] Rec. 49. On March 2, 2010, Fifth Third filed the pending motion to vacate the Court's order staying these proceedings as to Defendants Pioneer of the Nile and Ahmed Zayat.

## II. ANALYSIS

In support of its motion, Fifth Third argues that the automatic stay provision of the Bankruptcy Code does not protect solvent guarantors such as Ahmed Zayat and Pioneer of the Nile from proceedings in other courts. As such, Fifth Third asserts that it should be permitted to pursue its remedies directly against Ahmed Zayat and Pioneer of the Nile, while the stay as to Zayat Stables remains in effect. Defendants assert that this Court should exercise its discretion to continue the stay over all Defendants in this action. As grounds, Defendants assert that a continued stay serves the interests of judicial economy, avoids piecemeal and duplicative litigation and reduces the potential for conflicting results with the New Jersey bankruptcy proceeding.

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay, applicable to all entities of:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

---

[1] The Court entered the stay on its own motion because Zayat Stables gave notice of its intention to file a bankruptcy petition five days before the Court was scheduled to hold an evidentiary hearing on Fifth Third's motion to appoint a receiver. The Court's order advised the parties that the matter was being stayed "pending further notice from counsel regarding the status of the bankruptcy proceedings." In imposing the stay, the Court relied on section 362 of the Bankruptcy Code, although this section was not cited in the order.

2

11 U.S.C. § 362(a)(1). The Sixth Circuit has recognized that "an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtors." *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983)(citations omitted). The legislative history of section 362 "discloses a congressional intent to stay proceedings against the debtor, and no other, to preserve the status quo of the estate in an effort to ultimately effect and implement, to the extent possible, a successful and equitable reorganization or liquidation." *Id.* at 1197. Accordingly, it is clear that neither Ahmed Zayat nor Pioneer of the Nile can benefit from the automatic stay provision of the Bankruptcy Code.

However, as noted above, Defendants have argued that the stay imposed by the Court should remain in place as to all Defendants through the conclusion of Zayat Stables' bankruptcy proceeding for equitable reasons such as preserving judicial and party resources and to ensure consistent results. The Defendants argue that in light of the pending lender liability and set-off claims that Zayat Stables has against Fifth Third in the bankruptcy proceeding, their obligations as guarantors cannot be determined until these counterclaims are resolved.

In support of their argument, Defendants cite to *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439 (6th Cir. 1993). In *Coffey*, the Defendant guarantor argued that the district court erred in granting the plaintiff's motion for summary judgment because his obligation on the guaranty could not be determined without first determining the obligor's obligation on the underlying purchase and sale agreement. *Id.* at 1441. In addressing this argument, the Sixth Circuit explained that:

> It is clear that the liability of a surety is...commensurate with that of his principal....Thus, if the counterclaims and affirmative defenses asserted by [the defendant obligor] against the [plaintiff holder] are adjudged meritorious, such that [the defendant obligor] is relieved of its contractual obligations, then [the defendant guarantor] will also either be released from his guaranty obligation, or, alternatively, entitled to the benefit of the set-offs received by [the defendant obligor].

*Id.* at 1449. The Sixth Circuit ultimately reversed the district court's entry of summary judgment against the guarantors because the obligor's set-off claims needed to be resolved before the guarantor's obligation could be determined. However, the Court found that these claims could be decided by the district court, despite the obligor's bankruptcy filing which protected it from further proceedings in the district court by operation of the automatic stay provision. *Id.* at 1442,1450.

Upon reviewing *Coffey*, the Court finds that it does not support Defendants' arguments. While Ahmed Zayat's and Pioneer of the Nile's obligations as guarantors are dependent on Zayat Stables' underlying liability, *Coffey* does not support imposing a stay as to the claims against them in this Court. In fact, *Coffey* appears to support the opposite conclusion. While the Sixth Circuit reversed the district court's entry of summary judgment, it indicated that the district court could make a determination of the obligor's set-off claims despite the obligor's bankruptcy filing. Instead of staying the proceedings against the guarantors until the set-off claims were resolved in the bankruptcy court, the Sixth Circuit indicated that the set-off claims could be resolved by the district court, so that the obligation of the guarantors on the underlying contract would be known.

In applying *Coffey*, the Court finds that the stay imposed in this case should be vacated as to Ahmed Zayat and Pioneer of the Nile. However, Ahmed Zayat and Pioneer of the Nile may of course assert the various lender liability and set-off claims in an effort to reduce the amount of

4

the underlying liability to Fifth Third that they are liable for as guarantors. However, Defendants have not offered sufficient support for their argument that Zayat Stables' bankruptcy proceeding should operate as a bar for Fifth Third's attempts to recover from Zayat Stables' solvent guarantors.

### III. CONCLUSION

For the reasons set forth above, the Court will **GRANT** Fifth Third's motion to vacate the stay (Rec. 53) imposed by this Court on February 5, 2010. While the stay will remain in effect as to Zayat Stables, LLC, the stay is vacated as to Pioneer of the Nile, Ltd. and Mr. Ahmed Zayat.

This 14th day of June, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge